-UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X    DOCKET NO.

EDWARD ADEDEJI,

Plaintiff,

-against-    **COMPLAINT**

CITY OF NEW YORK and POLICE OFFICER HODER,
(name being fictitious and currently unknown),

Defendants.
-----------------------------------------------------------------X

**Plaintiff Demands a Jury Trial**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ SEP 18 2009 ★
BROOKLYN OFFICE

09    4046
AMON, J.
GO, M.J.

Plaintiff, by his attorney, GARY N. RAWLINS, as and for his Verified Complaint respectfully alleges, upon information and belief:

1.    This is a civil litigation action seeking damages against Defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the United States, including Plaintiff's Fourth and Fourteenth Amendment rights. On or about October 11, 2006, Defendants NYC and Police Officer HODER (hereafter "P.O. Hoder") unlawfully and improperly arrested Plaintiff, caused Plaintiff to suffer serious and permanent personal injuries, and wrongfully arrested Plaintiff, thereby depriving Plaintiff of his liberty without due process of law, and depriving Plaintiff of his rights, privileges and immunities as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

The Court has jurisdiction over this action under 42 U.S.C. § 1983, 28 U.S.C. §1343, and 28 U.S.C. § 1331. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2201, compensatory and punitive damages for the violation of his civil rights pursuant to 42 U.S.C. §§1981, 1983, 1985 and 1986 and an award of costs, disbursements and attorneys fees under 42 U.S.C. §1988. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on

the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper pursuant to 28 U.S.C. §§ 1391 (b) and (c).

2.      The Plaintiff, EDWARD ADEDEJI, at all times herein mentioned was and still is a resident of the County of Kings, State of New York.

3.      At all times mentioned herein, Defendant City of New York  ("NYC") was and still is a domestic municipal corporation, created, organized and existing by virtue of the laws of the State o New York. Defendant officer P.O. Hoder was and still is a NYC employee and at all times herein mentioned was a resident of the State of New York.

4.      At all times herein mentioned, Defendants NYC and P.O. Hoder stood in such relationship with each other in providing law enforcement services as to make each other liable for the acts and omissions of others.

5.      At all times herein mentioned, Defendant P.O. Hoder was an officer employed by the New York City Police Department, and this Defendant acted toward Plaintiff under the color of statutes, ordinances, customs and usage of the State of New York, City of New York, County of New York, and New York City Police Department.

6.      On or about October 11, 2006, Defendants assaulted, wrongfully arrested, and imprisoned Plaintiff without any legal basis or justification.

<u>AS AND FOR THE FIRST CAUSE OF ACTION</u>
<u>FOR VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHT</u>
<u>TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES</u>

7.      Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

8.      On or about October 11, 2006, at approximately 8 pm, Plaintiff's right to be free

from unreasonable searches and seizures has been violated during his false arrest and imprisonment.

9.    On or about October 11, 2006, at approximately 8 pm, Plaintiff was on his way back from a barber store to his building located at 1720 Bedford Avenue, Brooklyn, NY 11225. While greeting a friend who wished him "happy birthday," he was approached by P.O. Hoder and other police officers who suddenly searched his pockets, pushed him against the wall, verbally insulted and arrested him, and subsequently pushed him and caused to fall down the stairs in handcuffs.

10.    As a result, Plaintiff suffered a deprivation of his civil rights, that include but are not limited to the right to be free and secure in his person and free from arrest, search and seizure except on probable cause or pursuant to a warrant. Plaintiff has suffered and will continue to suffer from psychological harm, mental distress, humiliation, embarrassment, fear and defamation of his character and reputation, and was prevented from attending to his usual duties.

11.    As a result, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

AS AND FOR THE SECOND CAUSE OF ACTION
FOR USE OF UNREASONABLE FORCE
IN VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS

12.    Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth at length herein

13.    The amount and type of physical force used in the course of Plaintiff's seizure and

arrest was unreasonable and violated Plaintiff's right to be secure in his person against unreasonable seizures.

14.    The amount and type of physical force used in the course of Plaintiff's seizure and arrest caused immediate injury in the form of broken bones, excessive bleeding, pain, suffering, bruises and shock.

15.    All of the above occurred without any fault or provocation on Plaintiff's part.

16.    Plaintiff was pushed against the wall and shoved in handcuffs and caused to fall down the staircase (approximately 14-16 steps) while the police officers yelled "dead man walking!" after him.

17.    The Defendants failed their duty to act as reasonable police officers would have under the circumstances.

18.    Plaintiff did not pose any threat to the safety of the officers or others.

19.    Plaintiff did not actively resist arrest or attempt to evade the arrest by flight.

20.    As a result of excessive force, Plaintiff, a free citizen of the United States, was subjected to deprivations of his constitutional rights under the Fourth and Fourteenth Amendments.

21.    As a result, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

### AS AND FOR THE THIRD CAUSE OF ACTION
### FOR FAILURE TO INTERVENE
### TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

22.    Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

23.    At all times mentioned herein, Defendants were under affirmative duty to

intercede on behalf of Plaintiff to prevent the violation of Plaintiff's constitutional rights.

24.     At all times mentioned herein, Defendants failed their duty and affirmatively supported and participated in the violation of Plaintiff's constitutional rights.

25.     Defendants had the power to prevent and aid in preventing the commission of the unlawful arrest and false imprisonment, and the use of excessive force, but neglected and refused to do so.

26.     Defendants displayed a deliberate indifference to the violation of Plaintiff's rights. Defendants NYC knew and should have known that the practice of its police officers of pushing, shoving and otherwise assaulting handcuffed individuals was unreasonable and posed a risk of constitutional violation.

27.     As a result of the foregoing, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.


AS AND FOR THE FOURTH CAUSE OF ACTION
FOR FALSE ARREST AND IMRPISONMENT
IN VIOLATION OF PLAINTIFF'S CIVIL RIGHTS


28.     Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

29.     On or about October 11, 2006, Defendants P.O. Honer unlawfully and with malice arrested and imprisoned Plaintiff.

30.     Defendant physically prevented Plaintiff from leaving his custody, and kept Plaintiff under his supervision without access to freedom, family and home.

31.     Defendants arrested and imprisoned Plaintiff without a warrant or pretense of

legal process, depriving Plaintiff of liberty. Plaintiff did not consent to the arrest and the imprisonment.

32.    Defendants intended to and did in fact arrest and confine Plaintiff.

33.    Plaintiff was conscious of his unlawful arrest and imprisonment and did not consent to it.

34.    All of the foregoing occurred without fault or provocation on the part of Plaintiff.

35.    As a result of the foregoing, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.


AS AND FOR THE FIFTH CAUSE OF ACTION
FOR NEGLIGENT HIRING
AGAINST DEFENDANT NYC


36.    Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

37.    At all times mentioned herein, Defendant NYC knew and/or should have known that it hired and continued to employ individuals who were unfit for the official duties delegated to them in that they abused their authority and committed violations of constitutional rights of the U.S. citizens, including Plaintiff.

38.    Defendant NYC hired and continued to employ individuals engaging in the unlawful practice of using excessive force, assaulting and arresting and imprisoning people without any legal basis.

39.    Defendant NYC negligently, with reckless disregard of the risk, and with deliberate indifference created a situation where it was likely that its officers, including P.O. Hoder, would engage in unlawful acts during the course of their employment and cause

others, including Plaintiff, to be unlawfully arrested, assaulted, imprisoned and deprived of constitutional rights.

40.     Defendant NYC deliberately turned a blind eye to the practices of its officers, including P.O. Hoder, and in fact acquiesced in and condoned the acts of tis employees.

41.     As a result of the foregoing, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

AS AND FOR THE SIXTH CAUSE OF ACTION
FOR NEGLIGENT HIRING AND SUPERVISION
AGAINST DEFENDANT NYC

42.     Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

43.     At all times mentioned herein, Defendant NYC knew that its Defendant employees engaged in the unlawful practice of assaulting people while getting them arrested.

44.     Defendant NYC knew that such practice posed a risk of a violation of Plaintiff's constitutional rights and disregarded that risk.

45.     Defendant NYC acquiesced and condoned such practice, and trained its police officers to use it. Defendant failed to stop the practice and train and supervise to develop an alternative meaningful way of gathering information from people.

46.     As a result of the foregoing, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

WHEREFORE, Plaintiff EDWARD ADEDEJI demands a judgment awarding damages against each and every Defendant in all causes of action in an amount that exceeds the jurisdictional amounts of all lower courts that would otherwise have jurisdiction; together with interest, attorney fees, the costs and disbursements of this action, and such other and further relief as to this Court deems just and proper.

Dated: September 17, 2009
      New York, NY

Respectfully submitted,

By: Gary N. Rawlins
*Attorney for Plaintiff*
The Rawlins Law Firm, PLLC
80 Broad Street, 5th Floor
New York, NY 10004
Phone: (212) 926-0050
Fax: (212) 926-0059

8