```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```

- - - - - - - - - - - - - - - - - - - X

EDWARD ADEDEJI,

                            Plaintiff,

      - against -

THE CITY OF NEW YORK and POLICE OFFICER
HODER,

                            Defendants.

<u>PROTECTIVE ORDER</u>

CV-2009-4046 (CBA)(MDG)

- - - - - - - - - - - - - - - - - - - X

    This Court having reviewed the proposed protective order jointly filed by the parties (ct. doc. 11) and the Court having found good cause for issuance of a protective order given the nature of the materials to be produced in discovery, the proposed Protective Order is approved and incorporated herein, but subject to the following:

    1.  The definition of "Confidential Materials" is modified to include only personnel records, Civilian Complaint Review Board Records, Internal Affairs Bureau records, records containing personal information of non-parties and any other documents that the defendants may in the future in good faith deem "confidential materials" pursuant to this Order because of privacy, law enforcement or governmental interests, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than defendants, or (b) are otherwise publicly available.

2. The parties must use best efforts to minimize the number and portions of documents filed under seal. Prior to seeking leave to file a document containing confidential information under seal, a party must determine whether the material that gives rise to a "Confidential Materials" designation is relevant and necessary to the filing and whether redaction of the confidential information may eliminate the need for sealing the document. If the information that is confidential is not relevant to the filing and there is no reason to seal the remainder of the document, the document should be filed unsealed, with the confidential information redacted.

3. If a filing is lengthy but the confidential materials comprise a small portion of the submission, only the exhibit or portion of the exhibit containing confidential information may be filed under seal and the remainder of the submission should be filed unsealed.

4. The parties must comply with procedures of the Clerk's Office and this Court's Chambers Rules as to documents to be filed under seal. If a document to be filed under seal is voluminous or in a non-text or a form not convertible into pdf format, the party may file such exhibits in hard copy. Otherwise, the parties should file documents electronically under seal provided they first file a letter motion for leave to do so and obtain the Court's permission. The instructions and a short tutorial are available on the Court's website at:

http://www.nyed.uscourts.gov/CM_ECF/Learning_More_About_It/sealed_filing.html.

5. Any submission filed in hard copy must be accompanied by a cover sheet in accordance with the form "Notice Regarding the filing of Exhibits in Paper Form" in the cm/ECF User's Guide. The Notice must also be filed electronically. Any sealing envelope should clearly describe the document to be sealed and identify the document number on the docket sheet which corresponds to such sealed document. Each envelope submitted for sealing may contain only one document or portions of one filing (such as multiple exhibits annexed to a document filed).

6. A party submitting a document for filing under seal shall provide the Clerk of the Court and the District Judge and/or Magistrate Judge to be handling the application or motion at issue with a complete and un-redacted copy of the submission.

**SO ORDERED.**

Dated: Brooklyn, New York
       July 13, 2010

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE