**MINUTE ORDER**

**ADEDEJI v. CITY OF NEW YORK, et al., 09cv04046 (CBA) (MDG)**

Plaintiff's letter motion [20] for leave to re-depose Officer Hoder is denied. The availability of a second deposition is within the discretion of the trial court. See Innomed Labs, LLC v. Alza Corp., 211 F.R.D. 237, 239 (S.D.N.Y. 2002). Under Rule 30(a)(2)(A)(ii), "[a] party must obtain leave of the court, and the court must grant leave to the extent consistent with Rule 26(b)(2) . . . if . . . the deponent has already been deposed in the case." Under Rule 26(b)(2), a court must limit discovery if the discovery sought is "unreasonably cumulative or duplicative," "the party seeking discovery has had ample opportunity to obtain the information," or "the burden or expense of the proposed discovery outweighs its likely benefit."

Plaintiff seeks to re-depose Officer Hoder because he recently obtained Officer Hoder's memo book entry regarding an unrelated CCRB complaint in response to a request he made for the first time at Officer Hoder's October 6, 2010 deposition. Since plaintiff's counsel has already had an opportunity to question Officer Hoder about the unrelated CCRB complaint and the discovery period ended on October 8, 2010, I find that plaintiff has had ample opportunity to obtain the information and any benefit that may be gained by a further deposition is outweighed by the burden that would be imposed on the defendants. See Export-Import Bank of the U.S. v. Asia Pulp & Paper Co., Ltd.,

232 F.R.D. 103, 112 (S.D.N.Y. 2005); Bonnie & Co. Fashions, Inc. v. Bankers Trust Co., 945 F. Supp. 693, 732-33 (S.D.N.Y. 1996). For essentially the same reasons, I find that plaintiff has not established "good cause" for further extension of the discovery deadline in order to re-depose Officer Hoder. See Fed. R. Civ. P. 16(b)(4).

In addition, plaintiff's request for the production of an unredacted copy of the memo book page that was produced is denied. I previously ordered disclosure of only that portion of the memo book that pertained to the events that formed the basis for the CCRB complaint. Plaintiff has not explained the relevance of Officer Hoder's activities prior to the encounter at issue in the CCRB complaint.

**SO ORDERED.**

Dated: Brooklyn, New York
August 20, 2010

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE